UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| **ALEXANDRIA LEMOINS** | * | **CIVIL ACTION NO.:** |
| | * | |
| **VERSUS** | * | |
| | * | **JUDGE:** |
| **HALLIBURTON ENERGY SERVICES, INC., HESS CORPORATION, AND** | * | |
| **TRANSOCEAN OFFSHORE USA INC.** | * | **MAGISTRATE JUDGE:** |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

NOW COMES defendant, Hess Corporation ("Hess"), who, pursuant to 28 U.S.C. §§ 1331, 1332, 1333, 1441, and 1446, and 43 U.S.C. § 1349, without waiving, and specifically reserving all rights, defenses, objections, and exceptions, hereby gives notice and removes to the United States District Court for the Western District of Louisiana, Lafayette Division, the civil action pending against it in the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana, entitled "*Alexandria Lemoins versus Halliburton Energy Services, Inc., and Hess Corporation, and Transocean Offshore USA Inc.*," bearing Docket Number 20256787, Division C. In accordance with the requirement of 28 U.S.C. § 1446(a) for a "short and plain statement of the grounds for removal," Hess respectfully represents the following:

### PENDING STATE COURT SUIT

1. Hess is a defendant in the matter styled "*Alexandria Lemoins versus Halliburton Energy Services, Inc., and Hess Corporation, and Transocean Offshore USA Inc.*," pending in the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana, bearing Docket Number 20256787, Division C (the "State Court Action").

#6803070v11

2.     Also made defendants in the State Court Action are Halliburton Energy Services, Inc. ("Halliburton") and Transocean Offshore USA Inc. ("Transocean") (collectively, "Defendants").

## TIMELINESS

3.     The plaintiff, Alexandria Lemoins ("Plaintiff"), filed her Petition for Damages (attached as **Exhibit A**) in the State Court Action on October 6, 2025.

4.     Pursuant to 28 U.S.C. § 1446(a), a complete copy of all process, pleadings, and orders served in the State Court Action is attached in globo as **Exhibit B**.

5.     Hess was served with the Plaintiff's Petition on October 15, 2025. Additional defendants Halliburton Energy Services, Inc. ("Halliburton") and Transocean Offshore USA, Inc. ("Transocean") were likewise served with Plaintiff's Petition on October 16, 2025.[1]

6.     This Notice of Removal is timely filed, as it is being filed within thirty days after receipt of the initial pleading setting forth the claims for relief and within thirty days of service of process as required by 28 U.S.C. § 1446(b).

## VENUE

7.     Removal to the United States District Court for the Western District of Louisiana (Lafayette Division) is appropriate because it "embrac[es]" the 15th Judicial District Court for the Parish of Lafayette. 28 U.S.C. § 1441(a).

8.     This matter is removable under 28 U.S.C. § 1441 as a civil action over which the United States District Court for the Western District of Louisiana has original subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332, 1333, and 43 U.S.C. § 1349(b).

---

[1] *See* Citations served on Defendants Hess, Halliburton and Transocean, attached as Exhibit B, pp. 19-24.

#6803070v11

**BASIS FOR REMOVAL**

9. This Court has original jurisdiction over this matter because it arises under the Outer Continental Shelf Lands Act ("OCSLA"), a law of the United States. *See* 43 U.S.C. § 1331, *et seq*. Pursuant to the OCSLA, this Court has original jurisdiction over matters, such as this one, that arise out of or in connection with operations conducted on the Outer Continental Shelf ("OCS") involving exploration, development, or production of the minerals of the subsoil and seabed of the OCS. *Id*. at § 1349.

10. Additionally, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question), § 1332(a) (diversity), and 28 U.S.C. § 1333 (admiralty and maritime).

**OCSLA JURISDICTION**

11. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over this matter because it arises under the laws of the United States, namely OCSLA, 43 U.S.C. § 1331, *et seq*.

12. OCSLA provides, in relevant part, that "district courts of the United States shall have jurisdiction of cases and controversies *arising out of, or in connection with* (A) any operation conducted on the Outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the Outer Continental Shelf, or which involves rights to such minerals."  43 U.S.C. § 1349(b)(1) (emphasis added).

13. Plaintiff alleges that on or about October 20, 2023, while in the course and scope of her employment as a Surface Data Logger (or "Mud Logger") for Halliburton, she was injured while attempting to carry "a bag of rock sample boxes" down a flight of stairs on the drillship DEEPWATER ASGARD (IMO No. 9620580).[2]

---

[2] Petition (Exh. A) at ¶¶ 3, 7-9.

14. At all material times, the DEEPWATER ASGARD was an ultra-deepwater drillship performing drilling operations on the Black Pearl well in Green Canyon Block 468, lease number G26313. The Black Pearl well is located on the OCS in the Gulf of America approximately 113 miles south/southwest of Port Fourchon and approximately 175 miles south/southwest of New Orleans, Louisiana. During these operations, the DEEPWATER ASGARD was attached to the seafloor wellhead by a series of risers, a lower marine riser package, and a blowout preventer for the purpose of exploration and development of oil and gas resources on the OCS.[3]

15. Plaintiff claims her "duties as a Surface Data Logger (providing on-location geological and drilling data by logging, transporting, and recording drill cuttings) were crucial to the vessel's exploratory drilling operations and contributed to the function of the vessel and the accomplishment of its mission."[4]

16. Plaintiff's alleged injuries—and therefore the State Court Action—constitute a matter "arising out of" and "in connection with" offshore drilling operations conducted on the OCS involving exploration, development, or production of the minerals of the subsoil and of the seabed of the OCS. *See* 43 U.S.C. § 1349.

17. In addition to negligence claims under the Jones Act, Plaintiff brings general admiralty or maritime claims for unseaworthiness and an alleged failure to pay maintenance and cure.[5] Plaintiff further alleges that "Defendants' failure to timely and adequately provide her [maintenance and cure] was arbitrary, capricious, and unreasonable, entitling Petitioner to recover punitive damages, compensatory damages, and attorney's fees."[6]

---

[3] *See* Affidavit of Hess Corporation, attached hereto as Exhibit C.
[4] Petition (Exh. A) at ¶ 4.
[5] Petition (Exh. A) at ¶¶ 17-20.
[6] Petition (Exh. A) at ¶ 20.

#6803070v11

18.     OCSLA grants exclusive subject-matter jurisdiction to the federal courts over cases and controversies arising out of any operation conducted on the OCS involving the exploration, development, or production of natural resources. 43 U.S.C. § 1349(b)(1). "The jurisdictional grant in OCSLA is broad," and "[a] plaintiff does not need to expressly invoke OCSLA in order for it to apply."[7] Removal is proper if the Court has OCSLA jurisdiction.[8] "The Fifth Circuit has repeatedly emphasized the broad grant of OCSLA jurisdiction as covering a wide range of activity occurring beyond the territorial waters of the states."[9]

19.     Under OCLSA, "[c]ourts typically assess jurisdiction under [section 1349] in terms of whether (1) the activities that caused the injury constituted an 'operation' 'conducted on the outer Continental Shelf' that involved the exploration and production of minerals, and (2) the case 'arises out of, or in connection with' the operation."[10] This assessment requires "only a 'but-for' connection" between the injury and the OCS operation… to find jurisdiction under OCLSA.[11]

20.     With respect to the term "operation," the Fifth Circuit has indicated that a "broad view of the term… is amply supported by the statute.[12] This is so because "[t]hat term does not stand alone, but rather it is used in conjunction with the terms 'exploration,' 'development,' and 'production'" all of which "are defined broadly… to encompass the full range of oil and gas activity…"[13]

---

[7]  *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208, 213 (5th Cir. 2013).

[8]  *Sam v. Laborde Marine, L.L.C.*, No. CV H-19-4041, 2020 WL 59633, at *2 (S.D. Tex. Jan. 6, 2020).

[9]  *Hammer v. PHI, Inc.*, No. CV 6:16-1048, 2016 WL 7029354, at *3 (W.D. La. Oct. 14, 2016), *report and recommendation adopted*, No. CV 6:16-1048, 2016 WL 7031774 (W.D. La. Dec. 1, 2016) (collecting cases).

[10] *In re Deepwater Horizon,* 745 F.3d 157, 163 (5th Cir. 2014).

[11] *Id.; see also Mannifield v. Talos Energy LLC,* No. 4:22-CV-1831, 2023 WL 1965996, at *3 (S.D. Tex. Feb. 13, 2023).

[12] *EP Operating Ltd. P'ship v. Placid Oil Co.*, 26 F.3d 563, 568 (5th Cir. 1994).

[13] *Id.*

21.     OCSLA jurisdiction exists in this matter because it arises out of or in connection with an operation conducted on the OCS that involved the exploration and production of minerals. Further, this Court has original jurisdiction of this matter under 28 U.S.C. § 1331 because it arises under the laws of the United States, namely OCSLA, 43 U.S.C. § 1331, *et seq*.

22.     The facts underlying Plaintiff's State Court Action occurred on the OCS, Plaintiff's employment furthered mineral development on the OCS, and Plaintiff's alleged claims (which are denied) would not have arisen but for exploration operations on the OCS.

23.     Accordingly, the events that form the subject of the State Court Action constitute a matter "arising out of" and "in connection with" operations on the OCS; therefore, this Court has original subject matter jurisdiction under 43 U.S.C. § 1349 and/or 28 U.S.C. § 1331.

24.     While Plaintiff makes unsupported and conclusory allegations that she is a Jones Act seaman, Plaintiff's Petition fails to include any allegations against Hess under the Jones Act. Instead, as pleaded, Plaintiff's claims against Hess are for general negligence under general maritime law, which fall under the Court's OCSLA jurisdiction.  In the event Plaintiff seeks to assert claims against Hess under the Jones Act, Hess reserves the right to contest same as fraudulent allegations.

25.     Regardless of Plaintiff's seaman status, the Jones Act does not prevent this removal as a general matter as to all defendants, nor specifically as it pertains to Hess. "[I]f OCLSA jurisdiction applies, an alternative basis of original subject-matter jurisdiction exists and [a] general maritime claim may be removed notwithstanding the reference to the saving to suitors clause."[14]

---

[14]  *Pilette v. United Marine Offshore, LLC*, Civil Action No. 6:17-cv-01672, 2018 WL 221968, at *2 (W.D. La. Apr. 26, 2018) (citing *Barker*, 713 F.3d at 220 (5th Cir. 2013)).

#6803070v11

26. Upon removal of a claim over which the Court has original jurisdiction, the Court shall sever from the action all nonremovable claims. 28 U.S.C. § 1441(c)(2).[15] Courts in this circuit often sever removable claims under OCSLA from nonremovable Jones Act claims and remand only the Jones Act claims.[16]

27. As explained above, Plaintiff's claims against Hess arise under OCSLA. Moreover, there is no reasonable basis for predicting that Plaintiff might establish liability of Hess under the Jones Act because no employer-employee relationship existed between Plaintiff and Hess.[17] Therefore, even if Plaintiff's discrete Jones Act claim against Halliburton (validity and viability of which are denied) may not be removable and could subject to severance and remand on its own, her claims against Hess, as well as her separate general maritime law claims against Halliburton (relating to maintenance and cure) and Transocean (relating to unseaworthiness and/or general maritime law negligence) are removable notwithstanding Plaintiff's invocation of the Jones Act against Hess.

## DIVERSITY JURISDICTION

28. Removal is also proper under 28 U.S.C. 1441 in that this is a civil action over which the Court has diversity subject matter jurisdiction under 28 U.S.C. § 1332(a)(1).

---

[15] *See e.g.*, *McDonald v. Enermech Mechanical Services, Inc.*, 2023 WL 4109786 at *2 (S.D. Tex.) (internal quotes omitted).

[16] *Jones v. W&T Offshore Inc.*, 4:24-CV-3885, 2025 WL 2374564, at *4 (S.D. Tex. Feb. 26, 2025), *report and recommendation adopted*, 4:24-CV-03885, 2025 WL 2374523 (S.D. Tex. Aug. 14, 2025); *Peralta v. Sup. Offshore Servs.*, 767 F. Supp. 3d 348, 356 (E.D. La. 2025); *McDonald*, 2023 WL 4109786 at *5 (severing Jones Act claims from unseaworthiness and maintenance and cure claims and remanding only the Jones Act claims); *Ashcraft v. Cantium, LLC*, No. CV 22-329- SDD-RLB, 2022 WL 4581053, at *7 (M.D. La. Sept. 7, 2022), *report and recommendation adopted*, No. CV 22-329-SDD-RLB, 2022 WL 4543187 (M.D. La. Sept. 28, 2022) (holding that "hybrid" cases involving both OCSLA claims and Jones Act claims require severance and remand of Jones Act claims only); *Hsieh v. Apache Deepwater, LLC*, No. CV 19-408-BAJ-JW, 2019 WL 9899512, at *4 (M.D. La. Aug. 23, 2019) (severing Jones Act claims from properly removed OCSLA claims and remanding only the Jones Act claims to state court); *Landerman v. Tarpon Operating & Dev., L.L.C.*, 19 F. Supp. 3d 678, 685 (E.D. La. 2014) (same); *Shultz v. Hercules Offshore, Inc.*, No. 1:14-CV-188, 2014 WL 2041282, at *4 (E.D. Tex. May 15, 2014) (severing Jones Act claims from general maritime claims and remanding only the Jones Act claims).

[17] Petition (Exh. A) at ¶¶ 3, 7. *See also Guidry v. S. La. Contractors, Inc.*, 614 F.2d 447, 452 (5th Cir. 1980) ("…by the express terms of the Jones Act an employer-employee relationship is essential to recovery.").

29. Federal district courts have original jurisdiction over all civil actions where there is complete diversity between Plaintiffs and Defendants and the amount in controversy between the parties, exclusive of interest and costs, exceeds $75,000. *See* 28 U.S.C. §§ 1332(a)(1).

30. According to the Petition, Plaintiff Alexandria Lemoins is a resident of the Parish of Calcasieu, State of Louisiana.[18]

31. Defendant Hess is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of New York. Accordingly, Hess is a citizen of Delaware and New York.[19]

32. According to Plaintiff's Petition and based on publicly available information, Defendant Halliburton is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Texas. Accordingly, Halliburton is a citizen of Delaware and Texas.[20]

33. According to Plaintiff's Petition and based on publicly available information, Defendant Transocean is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Texas. Accordingly, Transocean is a citizen of Delaware and Texas.[21]

34. This controversy is between citizens of different states. There is complete diversity of citizenship between Plaintiff (Louisiana citizen) and Defendants Hess (Delaware and New York citizen), Halliburton (Delaware and Texas citizen), and Transocean (Delaware and Texas citizen).

---

[18] *See* Petition (Exh. A), at unnumbered introductory paragraph and ¶ 6.

[19] For purposes of diversity jurisdiction, a corporation is deemed a citizen of its state of incorporation and the state in which its principal place of business is located. *See* 28 U.S.C. § 1332(c)(1).

[20] *Id*.

[21] *Id.*

35. As to the amount in controversy, plaintiffs in Louisiana state courts may not plead the monetary value of a damage claim.[22] A defendant removing an action to federal court on the basis of diversity jurisdiction must therefore prove by a preponderance of the evidence that the amount in controversy exceeds $75,000, either by demonstrating that it is facially apparent that the amount in controversy exceeds $75,000, or by setting forth the facts in controversy, preferably in the removal petition, that support a finding of the requisite amount.[23]

36. Plaintiff's Petition for Damages alleges personal injuries, which include "severe, painful, disabling, and permanent injuries, including but not limited to the severe injury to her right knee which ultimately required surgery and will require future surgery."[24] In addition, Plaintiff seeks damages for physical pain, suffering, and disability (past, present, future); mental anguish and emotional distress (past, present, future); loss of enjoyment of life (past, present, future); medical, hospital, and pharmaceutical expenses (past, present, future); loss of earning capacity and economic opportunity (future); reimbursement for out-of-pocket medical expenses incurred; vocational and physical rehabilitation expenses (past, present, future); and lost wages (past).[25] Based upon these allegations, Hess asserts it is facially apparent that, due to the nature and extent of damages claimed, the amount in controversy exceeds $75,000, exclusive of interest and costs.[26]

---

[22] La. Code. Civ. Proc. art. 894.
[23] *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). *See also* 28 U.S.C. § 1443(c)(2)(A)(ii).
[24] Petition (Exh. A) at ¶ 7.
[25] Petition (Exh. A) at ¶ 19.
[26] *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

#6803070v11

### ALTERNATE BASIS FOR REMOVAL – ADMIRALTY JURISDICTION

37. Subject to and without waiving the foregoing basis for removal, and in the alternative, this Court also has original subject matter jurisdiction over Plaintiff's claims pursuant to admiralty and maritime law. *See* 28 U.S.C. §1333(1).[27]

38. In addition to Jones Act negligence claims, Plaintiff's Petition asserts claims arising under general maritime law.[28]

39. While the saving to suitors clause generally precludes the removal of maritime claims when the basis for jurisdiction is the court's admiralty or maritime jurisdiction, the Fifth Circuit has emphasized that the saving to suitors clause does not prohibit the removal of maritime claims when there exists some other independent basis for federal jurisdiction.[29]

40. Here, as explained above (*see* supra ¶¶ 10-27), OCSLA jurisdiction provides that independent alternative basis.[30] Thus, Plaintiff's maritime claims are removable.

### OTHER MATTERS

41. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel signing on behalf of Hess certifies that he has read the foregoing Notice of Removal, that to the best of his knowledge, information, and belief formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose.

---

[27] *Wells v. Abe's Boat Rentals, Inc.*, No. H-12-1112, 2-13 WL 3110322, at *2–4 (S.D. Tex. June 18, 2013); *Ryan v. Hercules Offshore, Inc.*, 945 F. Supp. 2d 772, 778 (S.D. Tex. 2013).

[28] Petition (Exh. A) at ¶¶ 18, 20. "Claims for unseaworthiness and maintenance and cure are traditional admiralty remedies governed by general maritime law." *McDonald*, 2023 WL 4109786, at *2 (citing *Barker*, 713 F.3d at 220).

[29] *Barker*, 713 at, 220 (5th Cir. 2013) (stating that "removal of maritime cases is permissible as long as there is an independent basis for federal jurisdiction"); *Crochet v. Seadrill Americas Inc.*, No. 6:22-CV-01076, 2022 WL 16752304, at *2 (W.D. La. Sept. 19, 2022), *report and recommendation adopted*, No. CV 22-1076, 2022 WL 16747435 (W.D. La. Nov. 7, 2022) (citing *Morris v. T E Marine Corp.*, 344 F.3d 439, 444 (5th Cir. 2003) citing *Romero v. Int'l. Terminal Operating Co.*, 358 U.S. 354, 377-79 (1959) (abrogated on other grounds)).

[30] *See e.g.*, *Peralta v. Supreme Offshore Servs., Inc.*, 769 F.Supp.3d 492, 500 n. 56 (E.D. La.2025) (*citing Barker*, 713 F.3d at 220 (5th Cir. 2013) ("[W]e have recognized that OCSLA provides 'a basis for federal jurisdiction other than admiralty,' which may permit removal even when maritime law provides the substantive rule of decision.")).

#6803070v11

42. A list of all documents included in the State Court record, arranged by order of filing date is attached as **Exhibit D**.

43. Hess has obtained consent for this removal from all Defendants that have been served and are properly joined. Copies of Defendants' consents to this removal are attached as **Exhibit E** (Halliburton) and **Exhibit F** (Transocean).

44. A roster of all attorneys involved in this case and the parties they represent is attached as **Exhibit G**.

45. Undersigned certifies that prompt written notice of the filing of this Notice of Removal will be provided to Plaintiff as required by 28 U.S.C. § 1446(d). **Exhibit H**.

46. A true and correct copy of this Notice of Removal will be filed with the Clerk of Court for the 15th Judicial District Court, Lafayette Parish of Louisiana, as required by the provisions of 28 U.S.C. § 1446(d). *See* **Exhibit I**.

47. In accordance with the Local Rules, a Civil Cover Sheet (Form JS44) is attached as **Exhibit J**.

WHEREFORE, pursuant to 28 U.S.C. § 1446(d), the filing of this Notice of Removal in this Court and the filing of same with the state court confers exclusive jurisdiction over this action to this Court and simultaneously divests the state court of jurisdiction with respect to this action. Hess prays that this action be removed from the 15th Judicial District Court for the Parish of Lafayette to this Honorable Court.

Respectfully submitted,

/s/ Michael A. Golemi
**LISKOW & LEWIS**
Michael A. Golemi (La. Bar # 26306)
1001 Fannin, Suite 1800
Houston, Texas 77002
Telephone: (713) 651-2900
Fax: (713) 651-2908
magolemi@liskow.com

and

Vanessa W. Anseman (Bar # 28795)
Andrew D. Hughes (Bar #40828)
1200 Camellia Boulevard, Suite 300
Lafayette, Louisiana 70508
Telephone: (337) 232-7424
Facsimile: (337) 267-2399
vanseman@liskow.com
adhughes@liskow.com

*Attorneys for Hess Corporation*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 12, 2025, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system. I also certify that I have served this filing by United States Postal Service to all counsel of record who are not registered to receive electronic service by operation of the court's electronic filing system.

/s/ Michael A. Golemi