UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| ALEXANDRIA LEMOINS | * | CIVIL ACTION NO. 6:25-CV-01754 |
| | * | |
| VERSUS | * | JUDGE JOSEPH |
| | * | |
| HALLIBURTON ENERGY SERVICES, | * | MAGISTRATE WHITEHURST |
| INC., ET AL | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ANSWER TO PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes defendant, Transocean Offshore USA Inc. ("Transocean"), who, for answer to the Petition for Damages filed on behalf of Alexandria Lemoins, avers as follows:

### FIRST DEFENSE

The Petition for Damages filed herein fails to state a claim upon which relief can be granted as to Transocean Offshore USA Inc.

### SECOND DEFENSE

In the alternative, and subject to the exceptive allegations hereinabove set forth, defendant denies each and every allegation of the plaintiff's Petition for Damages, except as the same may be admitted or modified. Further responding to the said allegations, defendant avers as follows:

1.

In response to the allegations of Paragraph 1 of the Petition for Damages, Transocean Offshore USA Inc. admits that it is a Delaware corporation authorized to do and doing business

in the State of Louisiana.  The remaining allegations of Paragraph 1 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

2.

The allegations of Paragraph 2 of the Petition for Damages constitute conclusions of law, and, as such, require neither an affirmative nor negative response on behalf of defendant, but insofar as it may be deemed necessary, Transocean Offshore USA Inc. does not object to subject matter jurisdiction.

3.

In response to the allegations of Paragraph 3 of the Petition for Damages, Transocean admits that Alexandria Lemoins was employed with Halliburton Energy Services, Inc. as a Surface Data Logger.  The remaining allegations of Paragraph 3 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

4.

Except to admit that plaintiff worked aboard the DEEPWATER ASGARD, the allegations of Paragraph 4 of the Petition for Damages are denied.

5.

The allegations of Paragraph 5 of the Petition for Damages are denied.

6.

The allegations of Paragraph 6 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

7.

The allegations of Paragraph 7 of the Petition for Damages are denied.

8.

The allegations of Paragraph 8 of the Petition for Damages are denied.

9.

The allegations of Paragraph 9 of the Petition for Damages are denied.

10.

The allegations of Paragraph 10 of the Petition for Damages are denied.

11.

The allegations of Paragraph 11 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

12.

The allegations of Paragraph 12 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

13.

The allegations of Paragraph 13 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

14.

The allegations of Paragraph 14 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

15.

The allegations of Paragraph 15 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

16.

The allegations of Paragraph 16 of the Petition for Damages are denied.

17.

The allegations of Paragraph 17 of the Petition for Damages require neither an affirmative nor negative response on behalf of defendant, but insofar as it may be deemed necessary, the allegations are denied.

18.

The allegations of Paragraph 18 of the Petition for Damages are denied.

19.

The allegations of Paragraph 19 of the Petition for Damages are denied.

20.

The allegations of Paragraph 20 of the Petition for Damages are denied.  Transocean specifically denies that plaintiff was employed by Transocean in any capacity or is entitled to maintenance and cure benefits from Transocean.

21.

The allegations of Paragraph 21 of the Petition for Damages require neither an affirmative nor negative response on behalf of defendant, but insofar as it may be deemed necessary, defendant also requests a trial by jury.

<u>THIRD DEFENSE</u>

The Petition for Damages is barred by the applicable period of prescription, or statute of limitations, or laches.

<u>FOURTH DEFENSE</u>

Defendant specifically reserves its right to contest plaintiff's status as a Jones Act seaman as that term is defined under the Jones Act and the laws of the United States of America.

## FIFTH DEFENSE

Defendant denies that it or anyone for whom it may be responsible was guilty of any negligence, unseaworthiness, strict liability, want of due care, or other legal fault constituting a proximate cause of the alleged accident in question.

## SIXTH DEFENSE

Defendant denies that the alleged accident claimed by plaintiff, and the claimed injuries and/or damages (if any), were caused or contributed to by any unsafe conditions caused or created by defendant, or by any equipment and/or conditions of such equipment and/or over an area, for which defendant is or may be responsible.

## SEVENTH DEFENSE

In the alternative, subject to and without waiving the foregoing, defendant specifically contends that defendant had no duty to provide plaintiff with a seaworthy vessel, and/or that such vessel was seaworthy in all manners and/or that defendant provided plaintiff with a seaworthy vessel.

## EIGHTH DEFENSE

For further answer and without waiving the foregoing, if this Court should find that the plaintiff sustained an injury as alleged, which is not admitted but is specifically denied, said injury was proximately caused or contributed to by the failure of plaintiff to exercise that degree of care or caution for her own safety which a reasonably prudent person would have exercised under the same or similar circumstances, and that this contributory negligence exists in bar or mitigation of any recovery sought by plaintiff.

<u>NINTH DEFENSE</u>

As further defense, defendant avers that any injury sustained by the plaintiff occurred as a consequence of her assumption of a known, obvious, open or expected risk or industry condition and/or as a result of the consequences of her normal duties.

<u>TENTH DEFENSE</u>

For further answer and without waiving the foregoing, defendant avers that any injuries suffered by the plaintiff abated within hours and/or days of the alleged incident, and that the plaintiff was able to and did return to perform the same and/or similar jobs and labors as those actually performed by the plaintiff prior to the date of the accident at issue.  Therefore, the plaintiff did not sustain any lost wages as a result of the alleged incident.

<u>ELEVENTH DEFENSE</u>

For further answer and without waiving the foregoing, certain aspects of plaintiff's alleged injuries and damages are the result in whole or in part of pre-existing and/or subsequently occurring illnesses, injuries and/or bodily conditions unrelated to the alleged incident and for which the defendant has no liability.

<u>TWELFTH DEFENSE</u>

In the alternative, if it is proven that the plaintiff sustained damages, which is denied, then said damages resulted from an unforeseeable occurrence, and/or intervening or superseding causes, for which the defendant cannot be held responsible.

<u>THIRTEENTH DEFENSE</u>

For further answer and without waiving the forgoing, plaintiff has failed to mitigate her damages.

## FOURTEENTH DEFENSE

Pleading further and in the alternative, in the event liability is found on the part of defendant, which is at all times denied, defendant avers that it would be entitled to a credit for the amounts of all monies paid, compensation, medical expenses, supplemental payments, short or long term disability payments, advances or wages paid to and/or on behalf of the plaintiff from any sources.

## FIFTEENTH DEFENSE

Transocean Offshore USA Inc. avers that the alleged incident and injuries, if any, described in the Petition for Damages arose from the acts or omissions of independent contractors or other parties over whom Transocean exercised no operational control or supervision and for whose actions Transocean is not legally responsible.

## SIXTEENTH DEFENSE

Defendant avers and represents that at all pertinent times it conducted operations in a safe and lawful manner adhering to federal guidelines, laws and regulations, industry standards, rules and accepted practices of the industry, both locally and nationally, in connection with the work performed.

## SEVENTEENTH DEFENSE

Defendant avers that plaintiff's claims for medical expenses is limited to the amount of medical expenses actually paid by any insurer or third party.

## EIGHTEENTH DEFENSE

Defendant specifically reserves the right to amend this pleading or modify its affirmative defenses to confirm with the facts as may be revealed in discovery or otherwise once discovery is complete and additional facts are known.

## NINETEENTH DEFENSE

Defendant prays for a trial by jury on all issues herein.

WHEREFORE, all premises considered, defendant, Transocean  Offshore USA Inc., prays that the demands of the plaintiff herein be rejected, and that plaintiff's suit be dismissed with full prejudice and at plaintiff's cost.  Defendant further prays for trial by jury on all issues.

Respectfully Submitted,

MAHTOOK & LAFLEUR, L.L.C.


BY:    s/Charles A. Mouton
       CHARLES A. MOUTON (17721)
       RICHARD J. HYMEL (20230)
       JARED L. FOTI (32813)
       P. O. Box 3089
       Lafayette, LA  70502
       600 Jefferson Street, Suite 1000 (70501)
       Phone :  (337)266-2189
       E-mail :  cmouton@mandllaw.com
              rhymel@mandllaw.com
              jfoti@mandllaw.com

Counsel for Transocean Offshore USA Inc.

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing has this date been served on all

counsel of record in this proceeding by:

          (    ) Hand Delivery        (    ) Prepaid U. S. Mail

          (    ) Facsimile            (    ) Electronic Mail

          ( X ) CM/ECF System

Lafayette, Louisiana this 19th day of November 2025.


                       s/Charles A. Mouton
                      CHARLES A. MOUTON