UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ALEXANDRIA LEMOINS<br><br>VERSUS<br><br>HALLIBURTON ENERGY SERVICES, INC., HESS CORPORATION, AND TRANSOCEAN OFFSHORE USA INC. | CIVIL ACTION NO.: 6:25-cv-01754<br><br>JUDGE DAVID C. JOSEPH<br><br>MAGISTRATE JUDGE CAROL B. WHITEHURST |

### HALLIBURTON ENERGY SERVICES, INC. ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes Defendant Halliburton Energy Services, Inc. ("Halliburton"), who respectfully responds to the Petition for Damages filed by Alexandria Lemoins ("Plaintiff"), averring on information and belief as follows:

### FIRST AFFIRMATIVE DEFENSE:

The Petition for Damages fails to state a cause/right of action on which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE:

In the alternative, and subject to all responses and affirmative defenses set forth in this pleading, Halliburton denies each and every allegation of the plaintiff's Petition for Damages, except as the same may be admitted or modified.

### ANSWER

Responding specifically to the separately iterated allegations and number paragraphs contained in Plaintiff's Complaint, Halliburton denies each allegation in Plaintiff's Complaint except as may be hereinafter expressly admitted, and respectfully avers as follows:

### UNNUMBERED INITIAL PARAGRAPH

The unnumbered initial paragraph of the Petition for Damages (asserting Plaintiff's residence and citizenship) does not pertain to Halliburton and in that regard requires no response.

To the extent any response may be deemed necessary, Halliburton denies those allegations for lack of sufficient information to justify any belief therein.

1.

The allegations contained in Paragraph 1 of the Petition for Damages are denied for lack of information to justify a belief therein, except to admit that Halliburton is a Delaware corporation authorized to do and doing business in the State of Louisiana with a registered agent of service as indicated on the Louisiana Secretary of State's "Service of Process" website.

2.

The allegations contained in Paragraph 2 of the Petition for Damages pertain to conclusions of law and not factual assertions and thus require no answer by Halliburton. To the extent an answer is required, Halliburton denies that the 15th Judicial District Court for the Parish of Lafayette, State of Louisiana has jurisdiction over the present action. Halliburton further denies that Plaintiff was a seaman at any relevant time including the time of her alleged accident. Halliburton further avers that jurisdiction is proper before this Court.

3.

Halliburton admits only that on or about October 20, 2023, Plaintiff was employed by Halliburton. Halliburton otherwise denies the allegations contained in Paragraph 3 of the Petition for Damages as written.

4.

Halliburton admits only that on or about October 20, 2023 Plaintiff was employed by Halliburton and was aboard the drillship DEEPWATER ASGARD while it was engaged in exploration and production activities in the Gulf on the Outer Continental Shelf off the coast of

Louisiana. Halliburton otherwise denies he allegations contained in Paragraph 4 of the Petition for Damages as written.

5.

The allegations contained in Paragraph 5 of the Petition for Damages are denied and/or require no response to the extent they merely purport to assert legal conclusions.

6.

The allegations contained in Paragraph 6 of the Petition for Damages relating to Plaintiff's residency in June of 2023 do not pertain to Halliburton and in that regard require no response; and to the extent any response may be deemed necessary, Halliburton denies those allegations for lack of sufficient information to justify any belief therein. The remaining allegations of Paragraph 6 are otherwise denied.

7.

Halliburton admits only that on or about October 20, 2023 Plaintiff was employed by Halliburton and was aboard the drillship DEEPWATER ASGARD while it was engaged in exploration and production activities in the Gulf on the Outer Continental Shelf off the coast of Louisiana. The allegations contained in Paragraph 7 of the Petition for Damages are otherwise denied for lack of information to justify a belief therein.

8.

The allegations contained in Paragraph 8 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

9.

The allegations contained in Paragraph 9 of the Petition for Damages are denied.

10.

The allegations contained in Paragraph 10 of the Petition for Damages are denied.

11.

The allegations contained in Paragraph 11 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

12.

The allegations contained in Paragraph 12 of the Petition for Damages are denied.

13.

The allegations contained in Paragraph 13 of the Petition for Damages Complaint are denied.

14.

The allegations contained in Paragraph 14 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

15.

The allegations contained in Paragraph 15 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

16.

The allegations contained in Paragraph 16 of the Petition for Damages are denied for lack of sufficient information to justify a belief therein.

17.

The allegations contained in Paragraph 17 (including subparts a-m) of the Petition for Damages are denied.

18.

#110464422v2

The allegations contained in Paragraph 18 (including subparts a-g) of the Petition for Damages are not directed to Halliburton and require no answer. In the event an answer is required, the allegations contained in Paragraph 18 are denied.

19.

The allegations contained in Paragraph 19 (including subparts a-g) of the Petition for Damages are denied.

20.

The allegations contained in Paragraph 20 of the Petition for Damages are denied.

21.

The Plaintiff's jury demand and prayer for relief require no answer.

**RESPONSIVE JURY DEMAND**

Halliburton requests a trial by jury on all issues.

**"WHEREFORE" PARAGRAPH**

In response to the final WHEREFORE paragraph of the Petition for Damages, Halliburton denies any liability to Plaintiff and further and specifically denies the allegations, requests, and demands set forth in Plaintiff's WHEREFORE Paragraph. Further responding, Halliburton specifically and expressly denies that Plaintiff is entitled to any relief whatsoever against it. Halliburton reserves the right to amend this Answer (and its below Affirmative Defenses) as discovery proceeds and as additional information becomes available.

**AFFIRMATIVE DEFENSES**

In further response to the allegations contained in the Petition for Damages, Halliburton affirmatively asserts the additional following defenses:

### THIRD AFFIRMATIVE DEFENSE:

All of Plaintiff's claims are barred by the application of assumption of risk, estoppel, prescription, laches, waiver, release or settlement, transaction or compromise, accord and satisfaction and/or other equitable principles.

### FOURTH AFFIRMATIVE DEFENSE:

Plaintiff is not nor has she ever been at any material time a Jones Act seaman; and as an employee of Halliburton, her only remedy is pursuant to the workers' compensation laws of the State of Louisiana or the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et. seq., which is pled herein as a complete bar to this tort action brought against Halliburton. Halliburton fully and specifically reserves all rights to contest Plaintiff's alleged status as a seaman as that term is defined under the Jones Act (46 U.S.C. §30104) and the general maritime law of the United States.

### FIFTH AFFIRMATIVE DEFENSE:

To the extent Plaintiff sustained any harm or injury as a result of any accident and/or any treatment for alleged injuries while employed by Halliburton, said harm or injury was caused in whole or in part by the negligence, acts, omissions or inactions of other persons over whom Halliburton had no control, supervision or responsibility (directly, vicariously or otherwise) and Halliburton plead as an affirmative defense the negligence and fault of these other persons as a complete bar, or in the alternative, in diminution of any recovery Plaintiff may have against Halliburton.

### SIXTH AFFIRMATIVE DEFENSE:

To the extent Plaintiff sustained any harm or injury as a result of any accident and/or any treatment for alleged injuries while employed by Halliburton, said harm or injury was caused in

#110464422v2

whole or in part by Plaintiff's own lack of caution and care, actions or inactions and contributory or comparative negligence acting as a complete bar or in diminution of any recovery she may have.

### SEVENTH AFFIRMATIVE DEFENSE:

Plaintiff has failed to take reasonable steps to mitigate her damages, if any; and such damages, if any, are speculative in nature, and thus are not recoverable.

### EIGHTH AFFIRMATIVE DEFENSE:

Neither Halliburton nor anyone for whom it may be responsible (directly, vicariously or otherwise), were negligent and/or at fault in causing the accident alleged herein and/or in responding to the alleged accident or Plaintiff's alleged injuries and damages; and Halliburton and any parties for whom it may be responsible (directly, vicariously or otherwise) in respect of the factual allegations in the Petition for Damages, at all relevant times acted with reasonable care under the circumstances and in accordance with any applicable laws, regulations, industry standards and standard practices, and breached no duties under the applicable law.

### NINTH AFFIRMATIVE DEFENSE:

Halliburton denies that a causal connection exists between any alleged action or inaction by Halliburton pr anyone for whom it may be responsible (directly, vicariously or otherwise) and any damages or injuries allegedly suffered by Plaintiff, the existence of which Halliburton specifically denies.

### TENTH AFFIRMATIVE DEFENSE:

Halliburton affirmatively asserts that the Plaintiff has no right to recovery for any amounts paid by any workers compensation carrier of Halliburton, or alternatively, any amounts in excess of such actual payments, as well as amounts written off or contractually adjusted by any health care provider

because of that provider's receipt of Medicare and/or Medicaid payments for Plaintiff's medical treatment.

### ELEVENTH AFFIRMATIVE DEFENSE:

It is further alternatively pled that the Plaintiff has no right of action to recover any amounts paid by Medicare and/or Medicaid as the rights to recover those payments have been assigned by her and by operation of law to Medicare and/or Medicaid.

### TWELFTH AFFIRMATIVE DEFENSE:

In the event it is determined that Plaintiff has received benefits from another source, Halliburton pleads set-off and/or contribution; and to the extent Plaintiff has settled or will in the future settle with any person or entity with respect to the injuries asserted in the Complaint, Halliburton's liability, if any, should be reduced accordingly.

### THIRTEENTH AFFIRMATIVE DEFENSE:

In the alternative, to the extent that Plaintiff has received payment of medical expenses under a policy or policies of health, accident, medical, hospitalization and/or any other form of insurance, and has subrogated rights and/or claims for payment of said expenses to the entity or person issuing the policy(ies), there is no right or cause of action against Halliburton for the amounts paid.

### FOURTEENTH AFFIRMATIVE DEFENSE:

Halliburton avers that to the extent the injuries and resultant disability alleged to have been suffered by Plaintiff existed prior to the accident in question, Halliburton is not liable for said injuries and/or disabilities or resulting damages to Plaintiff; alternatively, and only in the event that it should be found that these pre-existing injuries were aggravated by the alleged accident and/or any treatment for alleged injuries while employed by Halliburton, Halliburton avers that it is entitled to limitation

of any damages claimed against it to those resulting from the aggravation alone and not from the pre-existing injuries.

### FIFTEENTH AFFIRMATIVE DEFENSE:

The acts and omissions of third parties for whom Halliburton is not responsible (directly, vicariously or otherwise) were an independent, superseding, intervening and/or independent cause of Plaintiff's alleged injuries and damages.

### SIXTEENTH AFFIRMATIVE DEFENSE:

Halliburton did not know, and in the exercise of reasonable care, could not have known, of any alleged act and/or omission of which Plaintiff complains and any other party's knowledge of any alleged act and/or omission cannot be imputed to Halliburton.

### SEVENTEENTH AFFIRMATIVE DEFENSE:

Halliburton denies that it is strictly liable; and/or that any alleged ruin, vice or defect of the DEEPWATER ASGARD (or any other premises) and/or any equipment, tool, appurtenance or structure thereon caused the accident and injuries complained of; and/or that neither it nor any persons for whom Halliburton is not responsible (directly, vicariously or otherwise) knew of any such ruin, vice or defect. Halliburton further alleges that any and all of the alleged harm-causing equipment, appurtenance, or structure and actions/inactions related thereto were in the care, custody, control, or "*garde*" of others for whom Halliburton is not responsible (directly, vicariously or otherwise); and that it provided Plaintiff with a reasonably safe place to work.

### EIGHTEENTH AFFIRMATIVE DEFENSE:

Halliburton denies that Plaintiff's alleged incident, and the claimed injuries and/or damages (if any), were caused or contributed to by any unsafe conditions (including any unseaworthiness) caused or created by, or reasonably within the knowledge of, Halliburton or

anyone for whom it may be responsible (directly, vicariously or otherwise); or by any equipment and/or conditions of such equipment and/or over an area, for which it/they is/are or may be responsible.

## NINETEENTH AFFIRMATIVE DEFENSE:

Any alleged injuries or damages alleged by Plaintiff (which are denied) arose from risks that were incidental to and inherent in the nature of Plaintiff's employment.

## TWENTIETH AFFIRMATIVE DEFENSE:

Halliburton alleges that in the event Plaintiff is determined to be a seaman, which is specifically denied, Plaintiff's alleged conditions have reached or will soon reach the point of maximum medical improvement/cure, thereby allowing termination of any right to maintenance and cure payments.  Further, Plaintiff has been provided with appropriate and reasonable medical treatment and cure regardless of her status.  Halliburton further avers that it did not receive any demand for payment of maintenance and cure prior to being served with the Petition for Damages; and Halliburton accordingly was not required to immediately begin any such payments (if any were owed, which is denied), and further reserves all rights to undertake a reasonable investigation to corroborate Plaintiff's alleged claim for maintenance and cure and the reasonableness of the costs of any alleged cure treatment.

## TWENTY-FIRST AFFIRMATIVE DEFENSE:

To the extent applicable, and if Plaintiff is found to be a seaman (which is denied), Halliburton pleads application of the *McCorpen* defense to any maintenance and cure obligation to the extent Plaintiff forfeited her right to maintenance and cure, when, with knowledge of a pre-existing condition(s), she knowingly concealed information relating to such condition(s) in connection with her application for employment; and to the extent any non-disclosed facts

regarding Plaintiff's pre-existing condition were material to any decision to hire her, and there is a causal link between the withheld information regarding the pre-existing condition and the alleged condition(s) alleged in this suit. Such non-disclosure by Plaintiff likewise constituted contributory negligence/comparative fault in causing and/or contributing to the incident and injuries alleged in the Petition for Damages and any alleged damages resulting from same (existence of which is denied).

## TWENTY-SECOND AFFIRMATIVE DEFENSE:

Halliburton further avers that Plaintiff's alleged injuries and damages (in whole or in part) were caused by and/or are causally related to pre-existing and/or subsequently occurring illnesses, injuries and/or bodily conditions unrelated to the alleged incident and for which the Halliburton has no liability.

## TWENTY-THIRD AFFIRMATIVE DEFENSE:

Halliburton denies that it is jointly and severally liable *in solido* with any other party, and denies that it is liable for the fault of any other party named or unnamed.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE:

Halliburton avers that its alleged liability, which is denied, is purely passive and/or technical, and the liability of other parties herein is active and actual, thus entitling Halliburton to full indemnification and contribution from those parties that are actively negligent or at fault.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE:

Halliburton pleads any defenses available pursuant to the terms, conditions, warranties, limitations, duties, and work arrangements contained in any contracts between it and any other party related to the allegations in this lawsuit and/or the work/operations at issue and/or any contracts between any parties related to the allegations in this lawsuit or the work/operations at

issue; and/or pursuant to the terms of any statutes or regulatory provisions that may provide defenses for any claims against Halliburton alleged herein.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE:

To the extent applicable, Halliburton avers that punitive damages in this case are unrecoverable on the grounds that any action(s)/inaction(s) and/or liability of Halliburton do not satisfy the statutory and legal requirements for awarding punitive damages under General Maritime Law, the law of the State of Louisiana, or any other applicable law, including but not limited to a lack of gross negligence on the part of Halliburton.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE:

Halliburton avers that to the extent Plaintiff is entitled to recovery of any damages against Halliburton (which is denied), such recovery is limited to pecuniary damages only.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE:

Halliburton avers that the alleged accident, if any, arose out of risks, dangers and hazards, all of which were plainly observable, open and obvious, and well-known to Plaintiff on or before the time of the alleged accident and all of said risks, damages and hazards were seen, known and understood by Plaintiff and were known to be the normal risks of her occupation and any operation being conducted.

## TWENTY-NINTH AFFIRMATIVE DEFENSE:

Halliburton is entitled to, and claims the benefits of, all defenses and presumptions set forth in or arising from any rule of law or statute applicable in this case.

## THIRTIETH AFFIRMATIVE DEFENSE:

Halliburton reserves the right to file additional defenses, affirmative defenses, and claims, including but not limited to counterclaims, cross claims, and/or claims against other defendants or third parties as further discovery in this matter may warrant or require.

## THIRTY-FIRST AFFIRMATIVE DEFENSE:

Halliburton adopts all responsive allegations and affirmative defenses asserted by the other Defendants to the extent they are consistent with Halliburton's interests and its responsive answers and affirmative defenses herein.

**WHEREFORE**, premises considered, Defendant, Halliburton Energy Services, Inc., prays that its Answer to the Petition for Damages of Plaintiff, Alexandria Lemoins, be deemed good and sufficient, and that after all legal delays and due proceedings are had, there be judgment in favor of Halliburton, dismissing the claims of Plaintiff, Alexandria Lemoins, with full prejudice, and at her costs, and for all other legal orders and decrees necessary in obtaining all general and equitable relief and for trial by jury on all issues herein.

Respectfully submitted,

*/s/ Christopher M. Hannan*
CHRISTOPHER M. HANNAN (#31765)
AUSTIN S. GLASCOE (#38236)
Jones Walker LLP
201 St. Charles Avenue – 51st Floor
New Orleans, Louisiana 70170-5100
Telephone:   (504) 582-8000
Facsimile:    (504) 589-8376
E-Mail:        channan@joneswalker.com
                    aglascoe@joneswalker.com

***ATTORNEYS FOR DEFENDANT,
Halliburton Energy Services, Inc.***

#110464422v2