UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | | |
|---|---|---|
| **ALEXANDRIA LEMOINS** | * | **CIVIL ACTION NO.: 6:25-CV-01754** |
| | * | |
| **VERSUS** | * | **JUDGE DAVID C. JOSEPH** |
| | * | |
| **HALLIBURTON ENERGY SERVICES,** | * | **MAGISTRATE JUDGE** |
| **INC., HESS CORPORATION, AND** | * | **CAROL B. WHITEHURST** |
| **TRANSOCEAN OFFSHORE USA INC.** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT HESS CORPORATION'S
ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S PETITION FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, comes Defendant, Hess Corporation ("Hess"), who, for answer to the Plaintiff's Petition for Damages ("Petition"), respectfully represents that:

**FIRST DEFENSE**

The Plaintiff's Petition fails to state a claim, cause, or right of action upon which relief can be granted as to Hess.

**SECOND DEFENSE**

AND NOW, answering the specific allegations of the Petition, Hess avers as follows:

I.

In response to the allegations of Paragraph 1 of the Petition, Hess admits its corporate status and further admits its registered agent. The remaining allegations contained in Paragraph 1 are denied for lack of sufficient information and knowledge to justify a belief as to the truth of the matters stated therein.

#6810395v3

II.

The allegations contained in Paragraph 2 of the Petition state legal conclusions to which no response is required. To the extent a response is required, Hess avers that subject matter jurisdiction is proper before this Honorable Court.

III.

In response to the allegations of Paragraph 3, Hess admits that Plaintiff was employed by Halliburton Energy Services, Inc. ("Halliburton"). The remaining allegations in Paragraph 3 are denied for lack of sufficient information and knowledge to justify a belief as to the truth of the matters stated therein.

IV.

In response to the allegations of Paragraph 4, Hess admits that Plaintiff was employed by Halliburton and was aboard the drillship DEEPWATER ASGARD, while it was performing drilling operations on the Outer Continental Shelf in the Gulf of America, offshore Louisiana. The remaining allegations in Paragraph 4 are denied for lack of sufficient information and knowledge to justify a belief as to the truth of the matters stated therein.

V.

The allegations contained in Paragraph 5 of the Petition state legal conclusions to which no response is required. To the extent a response is required, Hess specifically denies there was any employer/employee relationship between Plaintiff and Hess from which a Jones Act claim can be maintained. The remaining allegations in Paragraph 5 are denied for lack of sufficient information and knowledge to justify a belief as to the truth of the matters stated therein.

VI.

Hess denies the allegations in Paragraph 6 for lack of sufficient information and knowledge to justify a belief as to the truth of the matters stated therein.

VII.

The allegations contained in Paragraph 7 of the Petition are denied as written. While at all times denying any liability unto Plaintiff, it is admitted that Plaintiff claims personal injury on October 20, 2023, while aboard drillship DEEPWATER ASGARD, which was at all pertinent times was performing drilling operations on the Black Pearl well in Green Canyon Block 468, located on the Outer Continental Shelf in the Gulf of America, offshore Louisiana.

VIII.

Hess denies the allegations in Paragraph 8 for lack of sufficient information and knowledge to justify a belief as to the truth of the matters stated therein.

IX.

Hess denies the allegations in Paragraph 9 of the Petition.

X.

Hess denies the allegations in Paragraph 10 of the Petition.

XI.

Hess denies the allegations in Paragraph 11 for lack of sufficient information and knowledge to justify a belief as to the truth of the matters stated therein.

XII.

Hess denies the allegations in Paragraph 12 for lack of sufficient information and knowledge to justify a belief as to the truth of the matters stated therein.

#6810395v3

XIII.

Hess denies the allegations in Paragraph 13 for lack of sufficient information and knowledge to justify a belief as to the truth of the matters stated therein.

XIV.

Hess denies the allegations in Paragraph 14 for lack of sufficient information and knowledge to justify a belief as to the truth of the matters stated therein.

XV.

Hess denies the allegations in Paragraph 15 for lack of sufficient information and knowledge to justify a belief as to the truth of the matters stated therein.

XVI.

Hess denies the allegations in Paragraph 16 for lack of sufficient information and knowledge to justify a belief as to the truth of the matters stated therein.

XVII.

The allegations contained in Paragraph 17 of the Petition make no allegations against Hess, and, thus, do not require a response from Hess. To the extent a response is required, Hess denies the allegations contained in Paragraph 17, including all subparts.

XVIII.

Hess denies the allegations in Paragraph 18 of the Petition, including all subparts.

XIX.

Hess denies the allegations in Paragraph 19 of the Petition, including all subparts.

XX.

Hess denies the allegations in Paragraph 20 of the Petition, as Plaintiff was not employed by Hess in any capacity or is entitled to maintenance and cure benefits from Hess.

#6810395v3

XXI.

The Plaintiff's jury demand require no response, but insofar as it may be deemed necessary, Hess also requests a trial by jury.

XXII.

Hess denies all remaining allegations in the Petition including all allegations contained in any unnumbered or misnumbered paragraphs, including any Preamble and Prayer for Relief.

XXIII.

And now, for further Answer, Hess asserts the following affirmative defenses:

**THIRD DEFENSE**

The Plaintiff's Petition is barred by the applicable period of prescription, or statute of limitations, or laches.

**FOURTH DEFENSE**

Hess denies that Plaintiff sustained an accident as alleged.

**FIFTH DEFENSE**

To the extent that Plaintiff sustained an accident as alleged, Plaintiff failed to exercise reasonable or ordinary prudence with regard to her own personal safety.

**SIXTH DEFENSE**

Plaintiff injuries, loss, and/or damages, if any, were and are the result of an open, obvious, and apparent danger that was known to and recognized by Plaintiff, who knowingly, willingly, intentionally, and voluntarily exposed herself to the danger, thereby assuming the risk of accident, injury, and damage, which conduct either bars or reduces Plaintiff's recovery, if any, and Hess pleads this fact as a complete defense to, and/or mitigation of, any and all claims asserted herein by Plaintiff.

## SEVENTH DEFENSE

Alternatively, Plaintiff's alleged incident and damages, if any, were caused by or occasioned by her own fault or neglect, which fault or negligence was the sole and proximate cause of any damages which may have occurred, and which is pleaded in bar or diminution of recovery herein.

## EIGHTH DEFENSE

Alternatively, the damages alleged by Plaintiff were caused or contributed to by the fault, negligence, want of due care, breach of contract, express or implied, of third persons, parties, contractors, or entities whom Hess has no control or for whom Hess is not legally responsible.

## NINTH DEFENSE

Alternatively, Hess affirmatively avers that in the event it is found negligent or otherwise at fault in any way for Plaintiff's injuries, which is expressly denied, then the other acts or omissions of Plaintiff or third persons, parties, contractors, or entities over whom the Hess has no control or for whom Hess is not legally responsible were the sole intervening or superseding cause of Plaintiff's alleged accident and Plaintiff's alleged damages.

## TENTH DEFENSE

Hess avers that to the extent Plaintiff was injured as alleged, which is denied, her injuries are related to a pre-existing physical condition that was intentionally concealed from Defendant and therefore under *McCorpen v. Central Gulf S.S. Corp.*, 396 F. 2d 547 (5th Cir. 1968), she is not entitled to maintenance and cure.

## ELEVENTH DEFENSE

Hess affirmatively avers that Plaintiff is barred from bringing this action by the applicable state and federal worker's compensation statutes.

#6810395v3

## TWELFTH DEFENSE

Alternatively, in the event liability is found on the part of Hess, which is at all times denied, Defendant avers that it would be entitled to a credit and/or offset for the amount of any maintenance and cure benefits, unearned wages, advances on wages, medical expenses, supplemental payments, and/or advances in disability insurance payments paid to or on behalf of Plaintiff, if any.

## THIRTEENTH DEFENSE

Alternatively, all or part of the injuries, damages, and/or losses Plaintiff allegedly sustained are barred because Plaintiff has failed to mitigate her damages.

## FOURTEENTH DEFENSE

Plaintiff's present and/or prospective medical, physical, and mental condition(s) are not the result of any incident or incidents as described in Plaintiff's Petition, but rather preexisted or occurred prior to or subsequent to the alleged incident, and/or have no casual connection to the alleged incident.

## FIFTEENTH DEFENSE

Alternatively, Plaintiff's alleged damages, if any, were caused or occasioned by intervening and/or superseding causes for which Hess is not legally responsible.

## SIXTEENTH DEFENSE

Hess avers that it did not breach any duty owed to Plaintiff.

## SEVENTEENTH DEFENSE

Alternatively, Hess avers that its liability, if any, which it specifically denies, is purely passive and/or technical and the liability of others is actual and/or active, thus entitling the Defendant to full indemnification from those others who were negligent and/or otherwise at fault.

#6810395v3

### EIGHTEENTH DEFENSE

Alternatively, if Hess was negligent, which is at all times denied, then that negligence or fault should be reduced by other parties' and/or non-parties' negligence or fault, and all damages against the Defendant should be reduced accordingly.

### NINETEENTH DEFENSE

Hess avers that to the extent Plaintiff was injured as alleged, which is denied, her injuries were caused by her own willful or gross misconduct and as such maintenance and cure is not owed.

### TWENTIETH DEFENSE

Alternatively, Hess avers that the claims asserted by Plaintiff may be barred, in whole or in part, by the assumption of the risk by Plaintiff, as Plaintiff's alleged accident and injuries, if any, were caused or occasioned by the usual and ordinary risks of her employment, by the usual and ordinary risks of maritime life, and by other known risks which Plaintiff was and/or should have been aware of based in her knowledge and experience and which she voluntarily assumed.

### TWENTY-FIRST DEFENSE

Hess avers that at all pertinent times it conducted its affairs in a safe and lawful manner, adhering to state and federal guidelines, laws, and regulations, industry standards, rules, and regulations, and accepted practices of the industry, both locally and nationally, and is free from fault, negligence, strict liability, or any other culpable conduct and from intentional or reckless disregard for the safety or wellbeing of Plaintiff.

### TWENTY-SECOND DEFENSE

Alternatively, Hess shows that it cannot be liable and is not responsible for any actions, negligence, fault, and/or liability of, or offenses committed by any independent contractors such that any claims by Plaintiff against Defendant should be dismissed with prejudice.

## TWENTY-THIRD DEFENSE

If Plaintiff has heretofore settled or should hereafter settle for any of her respective alleged damages with any party, Hess is entitled to a credit or set-off for any such settlement.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred by the application of the Primary Duty Doctrine.

## TWENTY-FIFTH DEFENSE

Plaintiff's claims are barred and/or reduced by the Unclean Hands Doctrine.

## TWENTY-SIXTH DEFENSE

Hess exercised no operational control over Plaintiff's work, and/or the activities, operations, premises, vessel, and/or equipment in question such that any claims by Plaintiff against Hess should be dismissed with prejudice.

## TWENTY-SEVENTH DEFENSE

To the extent Plaintiff sustained an injury as alleged, such injury, at most, was an aggravation of a pre-existing injury or condition that was not work related and did not occur during the course and scope of Plaintiff's employment or while Plaintiff was working on any vessel owned or operated by Hess.

## TWENTY-EIGHTH DEFENSE

Hess avers that it could not and did not foresee the risks of any damages and/or injuries to Plaintiff as alleged in the Petition.

## TWENTY-NINTH DEFENSE

Alternatively, Plaintiff's alleged damages were the result of an unavoidable accident or other circumstances beyond Hess' control.

#6810395v3

## THIRTIETH DEFENSE

Plaintiff's misconduct, or the misconduct of others, was the sole cause of Plaintiff's injuries.

## THIRTY-FIRST DEFENSE

For further answer and without waiving the foregoing, Hess avers that it did not act with gross, willful, and/or wanton disregard for Plaintiff's safety at any time material to this action.

## THIRTY-SECOND DEFENSE

Hess reserves the right to amend its Answer to Plaintiff's Petition, including asserting any additional defenses, after it has had the opportunity to more closely investigate these claims as is its right and privilege under the Federal Rules of Civil Procedure, and further reserves the right to adopt the affirmative defenses raised by all other defendants.

WHEREFORE, Hess Corporation prays that this Answer and Affirmative Defenses be deemed good and sufficient and, after due proceedings, the Plaintiff's claims against Hess Corporation be dismissed, with prejudice, at Plaintiff's costs, and for all other legal, equitable and other relief to which Hess Corporation is entitled.

#6810395v3

Respectfully submitted,

 s/ Vanessa W. Anseman
**LISKOW & LEWIS**
Michael A. Golemi (La. Bar # 26306)
1001 Fannin, Suite 1800
Houston, Texas  77002
Telephone:  (713) 651-2900
Fax:  (713) 651-2908
magolemi@liskow.com

and

Vanessa W. Anseman (Bar # 28795)
Andrew D. Hughes (Bar #40828)
1200 Camellia Boulevard, Suite 300
Lafayette, Louisiana 70508
Telephone: (337) 232-7424
Facsimile: (337) 267-2399
vanseman@liskow.com
adhughes@liskow.com

*Attorneys for Hess Corporation*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 19, 2025, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system.  I also certify that I have served this filing by email and/or United States Postal Service to all counsel of record who are not registered to receive electronic service by operation of the court's electronic filing system.

 s/ Vanessa W. Anseman

#6810395v3